UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

**WILLIAM ROBERT NUTILE,**

    Petitioner,

-vs-                                            Case No. 8:15-cv-877-T-36TGW

**SECRETARY, DEPARTMENT
OF CORRECTIONS,**

    Respondent.
_____/

## ORDER

Petitioner initiated this action by filing a petition for the writ of habeas corpus pursuant to 28 U.S.C. Section 2254 (Dkt. 1) and a memorandum in support (Dkt. 2). The petition was dismissed without prejudice (Dkt. 15), and Petitioner filed an amended petition (Dkt. 17). The amended petition was likewise dismissed without prejudice (Dkt. 27), and Petitioner filed a second amended petition (Dkt. 28). Respondent filed a response in opposition to the second amended petition (Dkt. 34), to which Petitioner replied (Dkt. 40). Upon consideration, the second amended petition will be **DENIED**.

## I. PROCEDURAL HISTORY

Petitioner was found guilty of resisting an officer with violence, battery on a law enforcement officer, and obstructing or resisting an officer without violence (Respondent's Ex. 3). He was sentenced to 5 years in prison on both the resisting with violence and battery convictions, concurrent, and to time served on the resisting without violence conviction (Respondent's Ex. 4). During his appeal he argued that the trial court erred in failing to reassess his competency, the convictions for both resisting an officer with and without violence violated double jeopardy, and the trial court lacked

jurisdiction, since the events took place on Petitioner's vessel in water under federal jurisdiction (Respondent's Ex. 5). The appellate court affirmed without a written opinion (Respondent's Ex. 7).

## II. GOVERNING LEGAL PRINCIPLES

Because Petitioner filed his petition after April 24, 1996, this case is governed by 28 U.S.C. § 2254, as amended by the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"). *Penry v. Johnson*, 532 U.S. 782, 792 (2001); *Henderson v. Campbell*, 353 F.3d 880, 889-90 (11th Cir. 2003). The AEDPA "establishes a more deferential standard of review of state habeas judgments," *Fugate v. Head*, 261 F.3d 1206, 1215 (11th Cir. 2001), in order to "prevent federal habeas 'retrials' and to ensure that state-court convictions are given effect to the extent possible under law." *Bell v. Cone*, 535 U.S. 685, 693 (2002); *see also Woodford v. Visciotti*, 537 U.S. 19, 24 (2002) (recognizing that the federal habeas court's evaluation of state-court rulings is highly deferential and that state-court decisions must be given the benefit of the doubt).

### A. Standard of Review Under the AEDPA

Pursuant to the AEDPA, habeas relief may not be granted with respect to a claim adjudicated on the merits in state court unless the adjudication of the claim:

> (1) resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States; or
>
> (2) resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding.

28 U.S.C. § 2254(d). The phrase "clearly established Federal law," encompasses only the holdings of the United States Supreme Court "as of the time of the relevant state-court decision." *Williams v. Taylor*, 529 U.S. 362, 412 (2000).

"[S]ection 2254(d)(1) provides two separate bases for reviewing state court decisions; the

2

'contrary to' and 'unreasonable application' clauses articulate independent considerations a federal court must consider." *Maharaj v. Secretary for Dep't. of Corr.*, 432 F.3d 1292, 1308 (11th Cir. 2005). The meaning of the clauses was discussed by the Eleventh Circuit Court of Appeals in *Parker v. Head*, 244 F.3d 831, 835 (11th Cir. 2001):

> Under the "contrary to" clause, a federal court may grant the writ if the state court arrives at a conclusion opposite to that reached by [the United States Supreme Court] on a question of law or if the state court decides a case differently than [the United States Supreme Court] has on a set of materially indistinguishable facts. Under the 'unreasonable application' clause, a federal habeas court may grant the writ if the state court identifies the correct governing legal principle from [the United States Supreme Court's] decisions but unreasonably applies that principle to the facts of the prisoner's case.

If the federal court concludes that the state court applied federal law incorrectly, habeas relief is appropriate only if that application was "objectively unreasonable." *Id*.

Finally, under § 2254(d)(2), a federal court may grant the writ of habeas corpus if the state court's decision "was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding." A determination of a factual issue made by a state court, however, shall be presumed correct, and the habeas petitioner shall have the burden of rebutting the presumption of correctness by clear and convincing evidence. *See Parker*, 244 F.3d at 835-36; 28 U.S.C. § 2254(e)(1).

**B. Standard for Ineffective Assistance of Counsel**

The United States Supreme Court in *Strickland v. Washington*, 466 U.S. 668 (1984), established a two-part test for determining whether a convicted person is entitled to relief on the ground that his counsel rendered ineffective assistance: (1) whether counsel's performance was deficient and "fell below an objective standard of reasonableness"; and (2) whether the deficient

3

performance prejudiced the defense.[1] *Id*. at 687-88. A court must adhere to a strong presumption that counsel's conduct falls within the wide range of reasonable professional assistance. *Id*. at 689-90. "Thus, a court deciding an actual ineffectiveness claim must judge the reasonableness of counsel's challenged conduct on the facts of the particular case, viewed as of the time of counsel's conduct." *Id*. at 690; *Gates v. Zant*, 863 F.2d 1492, 1497 (11th Cir. 1989).

As observed by the Eleventh Circuit Court of Appeals, the test for ineffective assistance of counsel:

> has nothing to do with what the best lawyers would have done. Nor is the test even what most good lawyers would have done. We ask only whether some reasonable lawyer at the trial could have acted, in the circumstances, as defense counsel acted at trial. Courts also should at the start presume effectiveness and should always avoid second guessing with the benefit of hindsight. *Strickland* encourages reviewing courts to allow lawyers broad discretion to represent their clients by pursuing their own strategy. We are not interested in grading lawyers' performances; we are interested in whether the adversarial process at trial, in fact, worked adequately.

*White v. Singletary*, 972 F.2d 1218, 1220-21 (11th Cir. 1992) (citation omitted). Under those rules and presumptions, "the cases in which habeas petitioners can properly prevail on the ground of ineffective assistance of counsel are few and far between." *Rogers v. Zant*, 13 F.3d 384, 386 (11th Cir. 1994).

## C. Exhaustion of State Remedies and Procedural Default

Before a district court can grant habeas relief to a state prisoner under § 2254, the petitioner must exhaust all state court remedies that are available for challenging his conviction, either on direct appeal or in a state post-conviction motion. *See* § 2254(b)(1)(A); *O'Sullivan v. Boerckel*, 526 U.S.

---

[1] In *Lockhart v. Fretwell*, 506 U.S. 364, 372 (1993), the United States Supreme Court clarified that the prejudice prong of the test does not focus solely on mere outcome determination; rather, to establish prejudice, a criminal defendant must show that counsel's deficient representation rendered the result of the trial fundamentally unfair or unreliable.

838, 842 (1999) ("[T]he state prisoner must give the state courts an opportunity to act on his claims before he presents those claims to a federal court in a habeas petition."). A state prisoner "'must give the state courts one full opportunity to resolve any constitutional issues by invoking one complete round of the State's established appellate review process,' including review by the state's court of last resort, even if review in that court is discretionary." *Pruitt v. Jones*, 348 F.3d 1355, 1358-59 (11th Cir. 2003) (quoting *O'Sullivan*, 526 U.S. at 845.)

To exhaust a claim, a petitioner must make the state court aware of both the legal and factual bases for his claim. *See Snowden v. Singletary*, 135 F.3d 732, 735 (11th Cir. 1998) ("Exhaustion of state remedies requires that the state prisoner 'fairly presen[t] federal claims to the state courts in order to give the State the opportunity to pass on and correct alleged violations of its' prisoners federal rights.'") (quoting *Duncan v. Henry*, 513 U.S. 364, 365 (1995)). A federal habeas petitioner "shall not be deemed to have exhausted the remedies available in the courts of the State. . .if he has the right under the law of the State to raise, by any available procedure, the question presented." *Pruitt*, 348 F.3d at 1358. The prohibition against raising an unexhausted claim in federal court extends to both the broad legal theory of relief and the specific factual contention that supports relief. *Kelley v. Sec'y, Dep't of Corr.*, 377 F.3d 1317, 1344 (11th Cir. 2004).

The requirement of exhausting state remedies as a prerequisite to federal review is satisfied if the petitioner "fairly presents" his claim in each appropriate state court and alerts that court to the federal nature of the claim. 28 U.S.C. § 2254(b)(1); *Picard v. Connor*, 404 U.S. 270, 275-76 (1971). A petitioner may raise a federal claim in state court "by citing in conjunction with the claim the federal source of law on which he relies or a case deciding such claim on federal grounds, or simply by labeling the claim 'federal.'" *Baldwin v. Reese*, 541 U.S. 27, 32 (2004).

The doctrine of procedural default provides that "[i]f the petitioner has failed to exhaust state

remedies that are no longer available, that failure is a procedural default which will bar federal habeas relief, unless either the cause and prejudice or the fundamental miscarriage of justice exception is established." *Smith v. Jones*, 256 F.3d 1135, 1138 (11th Cir. 2001). To establish cause for a procedural default, a petitioner "must demonstrate that some objective factor external to the defense impeded the effort to raise the claim properly in state court." *Wright v. Hopper*, 169 F. 3d 695, 703 (11th Cir. 1999). *See also Murray v. Carrier*, 477 U.S. 478 (1986). To show prejudice, a petitioner must demonstrate not only that the errors at his trial created the possibility of prejudice but that they worked to his actual and substantial disadvantage and infected the entire trial with error of constitutional dimensions. *United States v. Frady*, 456 U.S. 152 (1982). The petitioner must show at least a reasonable probability of a different outcome. *Crawford v. Head*, 311 F.3d 1288, 1327-28 (11th Cir. 2002).

Alternatively, a petitioner may obtain federal habeas review of a procedurally defaulted claim if review is necessary to correct a fundamental miscarriage of justice. *Edwards v. Carpenter*, 529 U.S. 446, 451 (2000); *Carrier,* 477 U.S. at 495-96. A fundamental miscarriage of justice occurs in an extraordinary case where a constitutional violation has probably resulted in the conviction of someone who is actually innocent. *Schlup v. Delo*, 513 U.S. 298, 327 (1995). "'[A]ctual innocence' means factual innocence, not mere legal insufficiency." *Bousley v. United States*, 523 U.S. 614, 623 (1998). "Claims of actual innocence must be supported 'with new reliable evidence.'" *Greeson v. Fla. Dep't of Corr.*, 2018 U.S. App. LEXIS 12200, at *4 (11th Cir. Mar. 26, 2018) (quoting *Schlup*, 513 U.S. at 324). And "[t]o raise the actual-innocence exception, 'a petitioner must show that it is more likely than not that no reasonable juror would have convicted him in the light of the new evidence.'" *Greeson*, 2018 U.S. App. LEXIS 12200, at *4 (quoting *McQuiggin v. Perkins*, 569 U.S. 383, 399 (2013)).

6

## III. ANALYSIS

Petitioner alleges four claims in his second amended petition:

1. The Sheriff's deputies lacked "territorial jurisdiction" to board Petitioner's vessel;

2. The evidence used against him was inadmissible, since it was obtained when the deputies unlawfully boarded his vessel;

3. The state trial court lacked subject matter jurisdiction over the case, since it was solely within the federal government's jurisdiction; and

4. Trial counsel was ineffective in failing to challenge the subject matter jurisdiction of the trial court.

**Grounds One and Two**

In Ground One, Petitioner contends that the deputies lacked "territorial jurisdiction" to board his vessel (Dkt. 28, p. 6). In Ground Two, he contends that there was a "lack of admissable [sic] evidence", since the State's evidence was unlawfully obtained when the deputies boarded his vessel (*Id.*, p. 8). Respondent argues that Petitioner has not fairly presented these claims to the state courts, and therefore they are unexhausted and procedurally barred. The Court agrees with regard to Ground Two, and disagrees with respect to Ground One.

To satisfy the exhaustion requirement, a petitioner must "fairly present federal claims to the state courts" to give the state courts an "opportunity to pass upon and correct alleged violations of its prisoners' federal rights." *Duncan v. Henry*, 513 U.S. 364, 365 (1995) (quotations and brackets omitted). Exhaustion is not met when the petitioner has merely been through the state courts or presented all the facts necessary to support his claim. *Kelley v. Sec'y for Dep't of Corr.*, 377 F.3d 1317, 1343-44 (11th Cir. 2004).

In his Initial Brief on direct appeal, as noted above, Petitioner presented three claims: 1) the trial court erred in failing to reassess his competency; 2) the convictions for both resisting an officer

7

with violence and resisting an officer without violence violated double jeopardy; and 3) the trial court lacked subject matter jurisdiction, since the events took place on Petitioner's vessel which was on water that was under the exclusive jurisdiction of the United States (Respondent's Ex. 5). Petitioner did not fairly present to the state courts a federal constitutional claim challenging the admissibility of the evidence the deputies obtained on the vessel. The claim was presented, if at all, in a single sentence: "The actions of the Pinellas County deputies, without the collateral authority of any Federal officer, lacked any kind of legitimacy and any such unauthorized search and seizure requires both suppression fo [sic] all evidence seized and dismissal of the State case due to the lack of jurisdiction of the State court." (*Id*., p. 43). That sentence appears to be intended as argument in support of Petitioner's claim that the state trial court lacked jurisdiction, and not intended as a separate claim that the evidence should have been suppressed based on the deputies' alleged lack of authority to board the vessel. Moreover, that sentence is unsupported by any argument or case law. No language was used by Petitioner that would have alerted the Florida Second District Court of Appeal that Petitioner was asserting a federal constitutional claim, separate from his claim that the state trial court lacked jurisdiction. Petitioner did not fairly present the claim to the state courts, and therefore it is procedurally defaulted.

Petitioner has not established cause and prejudice, and he is not entitled to federal review of Ground Two through the fundamental miscarriage of justice exception because he does not show that he has new reliable evidence of actual innocence. *Schlup*, 513 U.S. at 324. Accordingly, Ground Two is procedurally barred from federal review.

The Court concludes, however, that Ground One is not procedurally barred. Petitioner extensively argued in his Initial Brief that under federal law the deputies had no authority to board the vessel (Respondent's Ex. 5, pp. 38-43). Accordingly, contrary to Respondent's assertion, this claim

was fairly presented to the state appellate court.

Nevertheless, the claim does not warrant federal habeas relief. To be entitled to relief on this claim, Petitioner must show that the state court's adjudication of the claim was contrary to clearly established federal law, involved an unreasonable application of clearly established federal law, or was based on an unreasonable determination of the facts in light of the evidence presented in the state court proceedings. 28 U.S.C. § 2254(d). He has not made this showing.

Petitioner argues that the deputies had no authority to board his vessel because the federal government has exclusive jurisdiction over all matters, including criminal matters, occurring on the waters of the United States (*see* Dkt. 2, docket pp. 1-14). That is simply not the case. "Congress has granted federal district courts exclusive original jurisdiction over '[a]ny *civil case* of admiralty or maritime jurisdiction.'" *City of Riviera Beach v. That Certain Unnamed Gray, Two-story Vessel Approximately Fifty-seven Feet in Length, et al.*, 649 F.3d 1259 (11th Cir. Fla. 2011) (alteration in original) (emphasis added) (quoting 28 U.S.C. § 1333(1)). Petitioner, however, has not cited to any case or federal law establishing that federal courts have exclusive jurisdiction over crimes that occur in a vessel on the ocean. In fact, in *Skiriotes v. Florida*, 313 U.S. 69 (1941), the Supreme Court concluded that Florida could prosecute one of its citizens for violating state laws, even if the crime occurred in the ocean outside of Florida's territorial waters. 313 U.S. at 77.

Under Florida law, "[t]he state has jurisdiction over criminal acts committed on the seas within three miles of the state's shoreline." *Stepansky v. State*, 707 So. 2d 877, 877 (Fla. 5th DCA 1998), *reversed on other grounds by State v. Stepansky*, 761 So. 2d 1027 (Fla. 2000). *See also*, Article II, section 1(a), Florida Constitution (providing that the state boundary lies, in part, "three leagues distant from the Gulf of Mexico coastline. . . ."). There was evidence that Petitioner's vessel was, at most, 100 feet off shore at the time the deputies boarded (Respondent's Ex. 2, Vol. V, p. 655;

Vol. II, p. 245). In this circumstance, Florida had jurisdiction to enforce its criminal laws. Accordingly, Petitioner has failed to show that the deputies were without authority to board his vessel.

Petitioner has failed to demonstrate that the state court's adjudication of this claim was contrary to clearly established federal law, involved an unreasonable application of clearly established federal law, or was based on an unreasonable determination of the facts. Accordingly, Ground One does not warrant relief.

**Ground Three**

Petitioner contends that the state trial court lacked subject matter jurisdiction over his case, since the case "belonged in U.S. Maritime Court, if at all." (Dkt. 28, p. 9). Petitioner again argues that the federal government has exclusive jurisdiction over criminal matters occurring on ocean waters.

In Florida, "[w]hen a court lacks subject matter jurisdiction, it has no power to decide the case and any judgment entered is absolutely null and void. . . ." *Waggy v. State*, 935 So. 2d 571, 573 (Fla. 1st DCA 2006). In Petitioner's case, the trial court had subject matter jurisdiction under § 26.012(2)(d), Fla. Stat., which grants Florida circuit courts subject matter jurisdiction over all felonies and misdemeanors "arising out of the same circumstances as a felony which is also charged. . . ." The trial court's jurisdiction extended to Petitioner's criminal acts that occurred within three miles of Florida's coastline. *See Stepansky*, 707 So.3d at 877. And, for the same reasons expressed above as to Ground One, Petitioner fails to demonstrate that the federal government had exclusive jurisdiction over the crimes Petitioner committed on his vessel.

Petitioner has failed to demonstrate that the state court's denial of this claim was contrary to clearly established federal law, involved an unreasonable application of clearly established federal law, or was based on an unreasonable determination of the facts. Accordingly, Ground Three does

not warrant relief.

**Ground Four**

Petitioner contends that trial counsel was ineffective in failing to challenge the trial court's jurisdiction over his case. Respondent argues that this claim is procedurally barred. The Court agrees.

Petitioner never presented this claim to the state courts.[2] And it would be futile to dismiss this case to give Petitioner the opportunity to return to state court to attempt to exhaust this claim, since Florida's time limitation for bringing a post-conviction motion alleging ineffective assistance of trial counsel under Rule 3.850, Florida Rules of Criminal Procedure, bars Petitioner's returning to state court to present the claim. *See Parker v. Dugger*, 876 F.2d 1470 (11th Cir. 1989) (where dismissal to allow exhaustion of unexhausted claims would be futile due to state procedural bar, claims are considered procedurally barred in federal court); *Whiddon v. Dugger*, 894 F.2d 1266 (11th Cir. 1990) (recognizing and applying two-year bar of Rule 3.850). Therefore, the claim is procedurally defaulted. *See Bailey v. Nagle*, 172 F.3d at 1305 ("[F]ederal courts may treat unexhausted claims as procedurally defaulted, even absent a state court determination to that effect, if it is clear from state law that any future attempts at exhaustion would be futile.") (citation omitted).

Petitioner has not shown either cause excusing the default or actual prejudice resulting from the bar. And he has not alleged or shown that he is entitled to the fundamental miscarriage of justice exception. Accordingly, Ground Four is barred from federal review.[3]

Any of Petitioner's allegations not specifically addressed herein have been found to be without

---

[2]Petitioner concedes that he did no present the claim in state court (Dkt. 28, p. 11).

[3]Even if the claim were not procedurally barred, it would fail on the merits. Since the state trial court had subject matter jurisdiction over Petitioner's case, counsel was not ineffective in failing to challenge jurisdiction.

11

merit.

It is therefore **ORDERED AND ADJUDGED** that:

1. The Second Amended Petition for Writ of Habeas Corpus (Dkt. 28) is **DENIED**. The **Clerk** is directed to enter judgment accordingly and close this case.

2. A Certificate of Appealability is **DENIED** in this case, since Petitioner has failed to make "a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). And because Petitioner is not entitled to a Certificate of Appealability, he is not entitled to proceed on appeal *in forma pauperis*.

**DONE AND ORDERED** in Tampa, Florida on June 28, 2018.

Charlene Edwards Honeywell
United States District Judge

Copies to: Petitioner *pro se*; Counsel of Record